# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RADILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>M.D. LUNES, et al.,<br><br>        Defendants.<br>_____/ | 1:04-CV-5353 AWI WMW P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART**<br><br>**(Documents #48 & #61)** |

    Juan Radillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  In this action, Plaintiff contends that Defendants Lunes and Chamalbide retaliated against him in violation of the First Amendment and failed to protect him in violation of the Eighth Amendment.   Specifically, Plaintiff contends that Defendants spread rumors that Plaintiff was a homosexual; Behavior that could result in serious injury or death by the Mexican Mafia.  Defendants filed a motion for summary judgment and requested judgment on all claims as to all Defendants.

    On March 7, 2008, the Magistrate Judge issued Findings and Recommendations that recommended the court grant Defendants' motion for summary judgment on Plaintiff's retaliation claim because Plaintiff failed to provide evidence that he, as opposed to his cell mate, had engaged in First Amendment activity that had been chilled.   The Magistrate Judge also recommended the court grant Defendant Lunes summary judgment on Plaintiff's failure to protect claim because there was no evidence that Defendant Lunes informed any inmate about the alleged homosexual behavior.   However, the Magistrate Judge recommended Defendant

1   Chamalbide not be granted summary judgment on the failure to protect claim because there was a
2   disputed issue of fact on whether Defendant Chamalbide had informed other inmates, including
3   Mexican Mafia members, about the alleged homosexual activity.
4        The Findings and Recommendations were served on the parties and contained notice that
5   any objections could be filed within twenty days.  On March 26, 2008, Defendants filed
6   objections to the Magistrate Judge's recommendation that the court deny summary judgment as
7   to Defendant Chamalbide on the failure to protect claim.   Defendants contend that as a matter of
8   law, the fact Plaintiff was never injured or harmed by other inmates is fatal to his failure to
9   protect claim.  On April 11, 2008, Plaintiff filed an opposition to Defendants' objections.
10  Plaintiff claims that he should not have to wait until he is actually assaulted or killed before a
11  failure to protect claim arises.[1]
12       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) this court has conducted a
13  de novo review of this case.   Having carefully reviewed the entire file, the court finds the
14  Findings and Recommendations to be supported by the record and by proper analysis.   The court
15  finds that although a prison guard using a mere label is insufficient to state a claim for failure to
16  protect, an actual injury is not necessarily required.
17       "The treatment a prisoner receives in prison and the conditions under which he is
18  confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S.
19  825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)).  Prison officials have a
20  duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833;
21  Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty,
22  the prisoner must establish that prison officials were "deliberately indifferent to a serious threat
23  to the inmates's safety."  Farmer, 511 U.S. at 834.   The question under the Eighth Amendment is
24  whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently
25  substantial 'risk of serious damage to his future health . . . .'"  Id. at 843 (citing Helling v.

---

[1] Plaintiff did not object to any of the recommendations in the Findings and Recommendations.

1  McKinney, 509 U.S. 25, 35 (1993)).  The deliberate indifference standard involves both an
2  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
3  "sufficiently serious." Farmer, 511 U.S. at 834.  Second, subjectively, the prison official must
4  "know of and disregard an excessive risk to inmate health or safety." Id. at 837.
5         Here, there is evidence that Defendant Chamalbide told Mexican Mafia members that
6  Plaintiff had been caught in a homosexual act.   Defendants contend that Plaintiff's failure to
7  protect claim fails because there is no evidence Plaintiff was actually assaulted because of.
8  Where an inmate's claim is based on alleged failure to prevent harm, the inmate may satisfy the
9  "sufficiently serious" requirement by showing the existence of "conditions posing a substantial
10 risk of serious harm" to him.  Farmer, 511 U.S. at 834; Helling, 509 U.S. at 33-34.  The Eighth
11 Amendment protects against future harm to inmates because inmates must be furnished with
12 basic human needs, one of which is "reasonable safety."   Helling, 509 U.S. at 33.   In the case of
13 failing to protect an inmate, a prisoner can show an Eighth Amendment violation by providing
14 evidence that prison officials, with deliberate indifference, exposed him to a serious risk to his
15 safety.  See id. at 35.
16         In this action, Plaintiff has provided more than a mere allegation that he was generally
17 labeled a homosexual.   The undisputed facts reveal that Plaintiff is considered a member or
18 associate of the Mexican Mafia, and the Mexican Mafia does not tolerate homosexual behavior.
19 Taking the facts in the light most favorable to Plaintiff, Plaintiff has shown is that he was
20 exposed to a serious risk of being assaulted by Mexican Mafia members based on Defendant's
21 alleged statements to inmates that Plaintiff engaged in a homosexual act.  Plaintiff has also
22 provided evidence that Defendant Chamalbide knew that it would be "bad" for Plaintiff if
23 Mexican Mafia members were to believe he had engaged in a homosexual act.   Finally, there is
24 evidence that Defendant Chamalbide knew Plaintiff would continued to be exposed to Mexican
25 Mafia members after relating what she saw.  Thus, the court agrees with the Magistrate Judge
26 that Defendant Chamalbide is not entitled to summary judgment on the failure to protect claim
27 because there is a disputed issue of fact on whether Defendant Chamalbide told inmates about
28 Plaintiff's alleged homosexual act, whether this knowledge created an excessive risk to

1 Plaintiff's safety, and whether Defendant Chamalbide knew her statements placed Plaintiff in an
2 excessive risk of harm.
3  The court recognizes that the Ninth Circuit has dismissed claims alleging prison guards
4 were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because
5 the prisoner "did not allege that he has been assaulted or threatened with an assault by other
6 prisoners." Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, 1 (9th Cir.2007).
7 The Ninth Circuit has also rejected an Eighth Amendment claim where guards labeled an inmate
8 a "snitch" but the inmate had not been retaliated against. Morgan v. MacDonald 41 F.3d 1291,
9 1294 (9th Cir.1994). In these cases the Ninth Circuit has reasoned that "speculative and
10 generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial
11 risk of serious harm." Williams, 223 Fed.Appx. at 671. The court finds that these cases do not
12 stand for the proposition that an injury is a necessary element of a failure to protect claim.
13 Rather, in these cases the plaintiffs failed to allege how a certain label resulted in a serious risk of
14 harm and how that harm was known to the prison guard. Here, Plaintiff is not relying on
15 speculative and generalized fears of harm. Rather, there is evidence to show that if Mexican
16 Mafia remembers believed Plaintiff was a homosexual, Plaintiff would have been seriously
17 harmed. Thus, those cases that have screened out failure to protect claims are not dispositive in
18 this action.
19  Accordingly, the court ORDERS that:
20   1. The Findings and Recommendations are ADOPTED;
21   2. Defendants' motion for summary judgment is GRANTED except as to
22    Defendant Chamalbide on the failure to protect claim; and
23   3. This action is referred to the Magistrate Judge for further proceedings.
24
25 IT IS SO ORDERED.
26 **Dated:   September 6, 2008**          /s/ Anthony W. Ishii
                                 CHIEF UNITED STATES DISTRICT JUDGE
27
28

4